[No. 34244. Department One. December 26, 1957.]

M. E. MIRIAM MURRAY, *Appellant,* v. WILLIAM D. HORTON *et al., Respondents.*[1]

*Karr, Tuttle & Campbell, Carl G. Koch,* and *John F. Kruger,* for appellant.

*Kumm, Maxwell & Lee,* for respondents.

OTT, J.—October 28, 1946, M. E. Miriam Murray commenced her employment as a clinical psychologist with the defendant doctors at a fixed salary of six hundred ten dollars per month. The salary arrangement continued until September 1, 1953, when the doctors formed a co-partnership known as the Northwest Clinic of Psychiatry and Neurology (hereinafter referred to as the clinic), and an increase in Miss Murray's salary was effected by an oral agreement. Under this agreement, Miss Murray was to receive six hundred dollars per month as a guaranteed salary, plus a bonus, the amount of which was to be determined by a formula based upon the previous month's cash

[1] Reported in 319 P. (2d) 547.

receipts resulting from her services, minus certain stipulated deductions.

May 1, 1954, the salary arrangement was again modified by oral agreement whereby, commencing in June, 1954, Miss Murray would receive a guaranteed salary of three hundred dollars per month, plus a bonus determined by computing the cash receipts for the previous month resulting from her services, and deducting therefrom the three-hundred-dollar guaranteed salary and three hundred fifty dollars for agreed overhead expenses. Ninety per cent of the remainder constituted the amount of the monthly bonus. She received monthly compensation under the terms of this agreement until September 14, 1955, when her employment was terminated.

When the clinic refused to pay Miss Murray the formula percentage on collections allegedly received subsequent to the termination of her employment, she instituted this action for an accounting.

From a judgment of dismissal, entered at the close of plaintiff's case, the plaintiff has appealed.

The trial court found that the agreement established a basis for measuring appellant's compensation only during the term of her employment and, in finding No. 7, that

"The discussions and agreements between plaintiff [appellant] and defendants [respondents] did not include specific reference to or an express provision with respect to plaintiff's participation in collections received after termination of plaintiff's employment and derived from charges made by defendants for plaintiff's services."

No error was assigned to finding No. 7, and it became an established fact. Rule on Appeal 43, as amended, effective January 2, 1953. However, appellant contends that the oral contract implies that she was to share in the profits of her own efforts, which amount she was entitled to receive even though her employment had terminated.

Is there any evidence in the record before us which would support the contention that the parties intended that appellant should be paid any percentage of collections after her employment had terminated?

■ The intention of the parties with relation to such payment, subsequent to the termination of employment, must be determined from the conduct of the parties and the surrounding circumstances. See *Clements v. Olsen,* 46 Wn. (2d) 445, 282 P. (2d) 266 (1955).

■ The respondents paid, and the appellant received, monthly bonus compensation from September 1, 1953, until September 14, 1955, based only upon the actual collection of her accounts during the previous month. The evidence discloses that each month the parties effected a complete settlement of wages due, and that none of the monthly statements furnished to the appellant indicated any balance due to her from the respondents for accounts not paid.

It follows, then, that the interpretation placed upon the contract by the parties themselves did not contemplate any balance due the appellant after the monthly settlements had been made. The conduct of the parties and the written record are inconsistent with the contention of the appellant.

Our review of the record convinces us that the appellant did not prove a *prima facie* case for the recovery of any compensation after her services were terminated. The trial court did not err in dismissing appellant's cause of action and denying the motion for a new trial.

The judgment is affirmed.

HILL, C. J., MALLERY, FINLEY, and WEAVER, JJ., concur.